UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZACHARY TERRELL | * | NUMBER 2:18-CV-5787 |
|     Plaintiff | * | |
| | * | SECTION F(5) |
| VERSUS | * | |
| | * | JUDGE MARTIN L. C. FELDMAN |
| TROOPER TROY PICHON, TROOPER | * | |
| JEFFREY ROACH, LIEUTENANT | * | MAGISTRATE JUDGE MICHAEL NORTH |
| DERRELL WILLIAMS, AND CAPTAIN | * | |
| DARRIN NAQUIN, each in their | * | |
| individual capacities | * | |
|     Defendants | * | |

***********************************

## ANSWER TO COMPLAINT AND FIRST AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, come Defendants, Trooper Troy Pichon, Trooper Jeffrey Roach, Lieutenant Derrell Williams, and Captain Darrin Naquin, each named in his individual capacity, who respond to allegations contained in the Complaint and First Amended Complaint (collectively referred to as the "Complaint") filed by the Plaintiff, Zachary Terrell, as follows:

1.

Defendants admit that jurisdiction over Plaintiffs' claims is proper in this Court in response to Paragraph 1 of the Complaint.

2.

Defendants admit that jurisdiction over Plaintiffs' claims is proper in this Court in response to Paragraph 2 of the Complaint.

3.

Defendants admit Zachary Terrell's status in response to Paragraph 3 of the Complaint.

{00782903 - v1}

4.

Defendants admit the status of Lt. Derrell Williams in response to Paragraph 4 of the Complaint.

5.

Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.

Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.

Defendants admit the status of Capt. Darrin Naquin in response to Paragraph 7 of the Complaint.

8.

Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.

Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.

Defendants admit the status of Trooper Troy Pichon in response to Paragraph 10 of the Complaint.

11.

Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.

Defendants admit the status of Trooper Jeffrey Roach in response to Paragraph 12 of the Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.

Defendants deny Defendants deny the allegations contained in Paragraph 14 of the Complaint for lack of sufficient information to justify a belief therein.

15.

Defendants deny the allegations contained in Paragraph 15 of the Complaint for lack of sufficient information to justify a belief therein.

16.

Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of the Complaint for lack of sufficient information to justify a belief therein.

18.

Defendants deny the allegations contained in Paragraph18 of the Complaint.

19.

Defendants deny the allegations contained in Paragraph 19 of the Complaint for lack of sufficient information to justify a belief therein.

20.

Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.

Defendants deny the allegations contained in Paragraph 22 of the Complaint except to admit that Trooper Pichon prepared a Case Report documenting the arrest of Plaintiff which is the best evidence of its contents.

23.

Defendants deny the allegations contained in Paragraph 22 of the Complaint except to admit that Trooper Pichon prepared a Case Report documenting the arrest of Plaintiff which is the best evidence of its contents.

24.

Defendants deny the allegations contained in Paragraph 24 of the Complaint for lack of sufficient information to justify a belief therein.

25.

Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26.

Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27.

Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.

Defendants admit that Trooper Pichon pursued Plaintiff as he began to flee in response to Paragraph 28 of the Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.

Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.

Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.

Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.

Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.

Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.

Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of the Complaint except to admit the existence of a use of force report which is the best evidence of its contents.

39.

Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.

Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.

Defendants deny the allegations contained in Paragraph 41 of the Complaint for lack of sufficient information to justify a belief therein.

42.

Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of the Complaint for lack of sufficient information to justify a belief therein.

44.

Defendants deny the allegations contained in Paragraph 44 of the Complaint for lack of sufficient information to justify a belief therein.

45.

Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.

Defendants deny the allegations contained in Paragraph 46 of the Complaint and all paragraphs thereto except to admit the existence of use of force reports which are the best evidence of their contents.

47.

Defendants deny the allegations contained in Paragraph 47 of the Complaint and all paragraphs thereto except to admit the existence of use of force reports which are the best evidence of their contents.

48.

Defendants deny the allegations contained in Paragraph 48 of the Complaint and all paragraphs thereto except to admit the existence of use of force reports which are the best evidence of their contents.

49.

Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.

Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.

Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.

Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.

Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.

Defendants admit the allegations of Paragraph 54 of the Complaint.

55.

Defendants deny the allegations contained in Paragraph 55 of the Complaint except to admit the existence of the Cooperative Endeavor Agreement which is the best evidence of its terms and conditions.

56.

Defendants deny the allegations contained in Paragraph 56 of the Complaint except to admit the existence of the Cooperative Endeavor Agreement which is the best evidence of its terms and conditions.

57.

Defendants deny the allegations contained in Paragraph 57 of the Complaint except to admit the existence of a Consent Decree between the U.S. Department of Justice and the New Orleans Police Department which does not apply to the Louisiana State Police.

58.

Defendants deny the allegations contained in Paragraph 58 of the Complaint except to admit the existence of a Consent Decree between the U.S. Department of Justice and the New Orleans Police Department which does not apply to the Louisiana State Police.

59.

Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.

Defendants deny the allegations contained in Paragraph 57 of the Complaint except to admit the existence of a Consent Decree between the U.S. Department of Justice and the New Orleans Police Department which does not apply to the Louisiana State Police.

61.

Defendants deny the allegations contained in Paragraph 61 of the Complaint for lack of sufficient information to justify a belief therein. Defendants further aver that the operations of the Louisiana State Police are not government by the policies and procedures of the New Orleans Police Department.

62.

Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.

Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.

Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.

Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.

Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.

Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.

Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.

Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.

Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.

Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.

Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.

Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.

Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.

Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.

Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.

Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.

Defendants deny the allegations contained in Paragraph 787 of the Complaint.

79.

Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.

Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.

Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.

Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.

Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.

Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.

Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.

Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.

Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.

Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.

Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.

Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.

Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.

Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.

Defendants deny the allegations contained in Paragraph 93 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants are entitled to absolute immunity from Plaintiff's claims.

**THIRD AFFIRMATIVE DEFENSE**

Defendants are entitled to qualified immunity from Plaintiff's claims under both State and federal law.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants are entitled to recovery of their reasonable attorneys' fees if they are the prevailing parties pursuant to 42 U.S.C. § 1988.

**FIFTH AFFIRMATIVE DEFENSE**

If Plaintiff prevails, he is not entitled to recover attorneys' fees which are unreasonable, excessive, unwarranted, or unrelated to this litigation.

## SIXTH AFFIRMATIVE DEFENSE

Defendants aver that all times relevant to the Complaint they acted in good faith and within the scope of their authority under applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the *Heck v. Humphrey* doctrine set on Plaintiff's convictions for multiple offenses arising out of the arrest at issue in this lawsuit, including but not limited to resisting an officer in violation of La. R.S. 14:108.

## EIGHTH AFFIRMATIVE DEFENSE

Neither Lt. Williams nor Capt. Naquin are the "employers" of any other Defendants such that the doctrine of respondeat superior could impute liability against them.

## NINTH AFFIRMATIVE DEFENSE

Defendants have not engaged in any pattern or practice of conduct that deprives persons of rights protected by the Constitution or laws of the United States.

## JURY TRIAL REQUEST

Defendants are entitled to and hereby request a trial by jury on all issues.

WHEREFORE, Defendants, Trooper Troy Pichon, Trooper Jeffrey Roach, Lieutenant Derrell Williams, and Captain Darrin Naquin, pray that their answer be deemed good and sufficient and, after all due proceedings are had, there be judgment rendered in their favor and against the Plaintiff, Zachary Terrell, dismissing Plaintiff's claims with prejudice and at his costs. Defendants further pray for a trial by jury on all issues and for any other equitable relief to which they may be entitled.

Respectfully Submitted,

**JEFF LANDRY**
**Attorney General**
**State of Louisiana**

By: /s Gregory C. Fahrenholt
**ANDRÉ C. GAUDIN (20191)**
**GREGORY C. FAHRENHOLT (28572)**
**BURGLASS AND TANKERSLEY, L.L.C.**
5213 Airline Drive
Metairie, Louisiana 70001-5602
Direct Dial Phone: (504) 836-0408
Telefax: (504) 287-0448
Special Assistant Attorneys General

Attorneys for Defendants,
Trooper Troy Pichon, Trooper Jeffrey Roach,
Lieutenant Derrell Williams, and Captain Darrin
Naquin, each named in his individual capacity

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th of August, 2018, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all counsel of record.

/s Gregory C. Fahrenholt
**GREGORY C. FAHRENHOLT**