UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZACHARY TERRELL | * | NUMBER 2:18-CV-5787 |
| Plaintiff | * | |
| | * | SECTION F(5) |
| VERSUS | * | |
| | * | JUDGE MARTIN L. C. FELDMAN |
| TROOPER TROY PICHON, TROOPER | * | |
| JEFFREY ROACH, LIEUTENANT | * | MAGISTRATE JUDGE MICHAEL NORTH |
| DERRELL WILLIAMS, AND CAPTAIN | * | |
| DARRIN NAQUIN, | * | |
| each in their individual capacities | * | |
| Defendants | * | |

************************************

## OBJECTION TO STATEMENT OF COLLATERAL PROCEEDINGS

**MAY IT PLEASE THE COURT:**

Defendants, Trooper Troy Pichon, Trooper Jeffrey Roach, Lieutenant Derrell Williams, and Captain Darrin Naquin, all employees of the Louisiana State Police ("LSP") named herein in their individual capacities, respectfully submit this objection to the "Statement of Collateral Proceedings" [R.Doc. 2] filed by the Plaintiff, Zachary Terrell.

Local Rule 3.1 provides:

When a civil matter, commenced in or removed to the court, involves subject matter that comprises all or a material part of the subject matter or operative facts of another action, whether civil or criminal, then or previously pending in any court or administrative agency, counsel must file a list and description of all such actions then known to counsel and a brief summary of the relationship between the cases. If information concerning any such proceeding is obtained after the filing of the original pleading in the latter case, counsel must notify the court and opposing counsel in writing of the relationship between the cases.

According to LR 3.1.1, the purposes of transferring a subsequent action to another section are "to promote judicial economy, conserve judicial resources, and avoid potential forum shopping and conflicting court rulings."

In the instant case, Plaintiff Zachary Terrell alleges that Troopers Troy Pichon and Jeffrey Richardson used excessive force against him during his arrest in the French Quarter on June 17, 2017.[1] He further alleges that Lieutenant Derrell Williams and Captain Darrin Naquin failed to properly train or discipline Trooper Pichon on the proper use of force which allegedly led to his use of force against Plaintiff Terrell.[2]

In his statement, Plaintiff alleges that this matter "shares a material part of its subject matter or operative facts" with two actions "currently pending" in Section E. However, one of the two cases cited has been dismissed since Plaintiff filed his notice and is no longer pending.[3]

In the currently pending action, *Michael Baugh v. Michael Edmonson, et al.*, Civil Action No. 2:16-cv-14813, the Plaintiff, Michael Baugh, filed suit in September 2016 against former LSP Superintendent Michael Edmonson, LSP Captain Donovan Archote, and LSP Troopers Eric Thaxton and Charles Robertson.[4] Baugh alleges that he was subjected to a wrongful stop and arrest, illegal search and excessive use of force by Troopers Thaxton and Robertson during the course of an arrest in the New Orleans Central Business District on September 18, 2015.[5] Baugh further alleges that Capt. Archote and former Col. Edmonson failed to properly hire, screen, supervise or discipline officers and implemented unconstitutional policies. None of these individuals are named in the instant suit.

In the dismissed case, *Lyle Dotson, et al. v. Michael Edmonson, et al.*, Civil Action No. 2:16-cv-15371, the Plaintiff, Lyle Dotson, and his father, Olon Dotson, filed a complaint in October 2016 against former Col. Edmonson, Capt. Archote, and LSP Troopers Calvin Anderson,

---

[1] R.Doc. 7.
[2] R.Doc. 7.
[3] Order of Dismissal, Exhibit 1.
[4] *Baugh* Complaint, Exhibit 2.
[5] *Baugh* Complaint, Exhibit 2.

Rene Bodet, Tagie Journee, and Huey McCartney.[6]  Lyle Dotson alleges that he was subjected to a wrongful stop and arrest and excessive use of force by troopers on October 7, 2016.  Lyle and Olon Dotson further alleged that Capt. Archote and former Col. Edmonson failed to properly hire, screen, supervise or discipline officers and implemented unconstitutional policies.[7]  None of these individuals are named in the instant suit.

Plaintiff's stated bases for why these cases are "collateral proceedings" are that all three of the cases "seek redress for individuals' civil rights by Troopers on patrol in New Orleans," that all three cases "allege the failure of LSP ranking officers to train and supervise LSP Troopers assigned to New Orleans," and that the *Baugh* case involved a claim for excessive force based on use of a taser.[8]  These allegations are not sufficient to require transfer of Plaintiff Terrell's lawsuit to Section E under LR 3.1.1.  None of the cases involve any of the same plaintiffs or defendants.  Different troopers took different actions in three unique arrests.  The supervisors who allegedly failed to train or supervise subordinates in the instant case are different.  There is no risk of conflicting rulings and no obvious judicial economy to be served by a transfer.  The operative facts surrounding Plaintiff Terrell's arrest in June 2017 do not overlap in any material way with the operative facts surrounding two prior arrests by different law enforcement officers in 2015.

Taking Plaintiff's arguments to their logical conclusion, all 1983 suits alleging constitutional violations by NOPD officers would have to be transferred to the first judge allotted any pending 1983 suit against any officer, all 1983 suits against the Jefferson Parish

---

[6] *Dotson* Complaint, Exhibit 3.
[7] *Dotson* Complaint, Exhibit 3.
[8] R.Doc. 2.

Sheriff's Office would have to be transferred to a single judge, all 1983 suits against the St. Tammany Parish's Sheriff's Office would have to be transferred to a single judge, and on and on. That is not the intention of Local Rules 3.1 and 3.1.1, which clearly contemplates the filing of separate lawsuits involving the same parties and arising out of the same operative facts. While LR 3.1.1 specifically states that it is intended to avoid forum shopping by a plaintiff – presumably by voluntarily dismissing an action and then attempting to re-file it in a different section– it is the *Plaintiff* in this case apparently seeking a transfer to a different section of this Court.[9]

Plaintiff's Statement of Collateral Proceedings is incorrect as there are no collateral proceedings, and the statement should be disregarded and given no effect.

Respectfully Submitted,

**JEFF LANDRY**
**Attorney General**
**State of Louisiana**

By: ___*/s Gregory C. Fahrenholt*_____
**ANDRÉ C. GAUDIN (20191)**
**GREGORY C. FAHRENHOLT (28572)**
**BURGLASS AND TANKERSLEY, L.L.C.**
5213 Airline Drive
Metairie, Louisiana 70001-5602
Direct Dial Phone: (504) 836-0408
Telefax: (504) 287-0448
Special Assistant Attorneys General

Attorneys for Defendants,
Trooper Troy Pichon, Trooper Jeffrey Roach,
Lieutenant Derrell Williams, and Captain Darrin
Naquin, each named in his individual capacity

---

[9] Plaintiff's attorneys were also the plaintiffs' attorneys in the dismissed *Dotson* suit.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August, 2018, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all counsel of record.


*/s Gregory C. Fahrenholt*
**GREGORY C. FAHRENHOLT**