UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZACHARY TERRELL | * | NUMBER 2:18-CV-5787 |
|     Plaintiff | * | |
| | * | SECTION D(5) |
| VERSUS | * | |
| | * | JUDGE WENDY B. VITTER |
| TROOPER TROY PICHON, TROOPER | * | |
| JEFFREY ROACH, LIEUTENANT | * | MAGISTRATE JUDGE MICHAEL NORTH |
| DERRELL WILLIAMS, AND CAPTAIN | * | |
| DARRIN NAQUIN, | * | |
| each in their individual capacities | * | |
|     Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STATEMENT OF MATERIAL FACTS WHICH PRESENT NO GENUINE ISSUE**

Defendants Troy Pichon, Jeffrey Roach, Derrell Williams, and Darrin Naquin, each in their individual capacities, submit the following statement of material facts in support of their Motion for Summary Judgment which present no genuine issue to be tried.

1. Plaintiff, Zachary Terrell was arrested by the Louisiana State Police on June 17, 2017.[1]

2. Following his arrest, Terrell pled guilty in the Criminal District Court for the Parish of Orleans, State of Louisiana, to one count of possession of heroin in violation of La. R.S. 40:966(C)(1), one count of possession with intent to distribute Tramadol in violation of La. R.S. 40:969(B), and one count of resisting an officer in violation of La. R.S. 14:108.[2]

3. La. R.S. 14:108(A) provides that "[r]esisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official

---

[1] Exhibit C, Case Report.
[2] Exhibit E, certified records of Criminal District Court.

{00782904 - v1}

capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity."[3]

4. Criminal District Court Judge Karen Herman interrogated Terrell in open court, advised him of all applicable rights, and found "a substantial factual basis to entertain a plea of guilty" to all counts, including Terrell's violation of La. R.S. 14:108.[4]

5. Terrell denies resisting any officer in this lawsuit.[5]

6. Terrell's convictions have not been reversed, expunged, declared invalid, or called into question by federal habeas corpus.

7. Trooper Roach was still in his vehicle and approximately six vehicle lengths away from Pichon and Terrell when Roach saw Terrell's bike begin coasting and fall out of view to the right.[6]

8. Roach did not see Pichon deploy the Taser from that distance but assumed Pichon did because it was the only way Terrell could have fallen from the bicycle that way he did.[7]

9. Terrell did not see Trooper Roach until after he had already allegedly been kicked, punched, and handcuffed.[8]

---

[3] http://legis.la.gov/legis/Law.aspx?d=78264
[4] Exhibit E, p. 6.
[5] R.Doc. 7, ¶¶ 14-36; Exhibit F, p. 59.
[6] Exhibit B, p. 205.
[7] Exhibit B, p. 209.
[8] Exhibit F, pp. 41-42.

10. None of the use of force events listed in Paragraph 46(a) – (f) of Terrell's Amended Complaint have ever been adjudicated in any court of law as a constitutional violation.

11. Neither Darrin Naquin nor Derrell Williams were the employer of Troopers Pichon or Roach, who at all relevant times were employed by the State of Louisiana/Louisiana State Police.

                                            Respectfully Submitted,

                                            **JEFF LANDRY**
                                            **Attorney General**
                                            **State of Louisiana**

                                            By:  */s Gregory C. Fahrenholt*
**ANDRÉ C. GAUDIN (20191)**
**GREGORY C. FAHRENHOLT, T.A. (28572)**
**BURGLASS AND TANKERSLEY, L.L.C.**
5213 Airline Drive
Metairie, Louisiana 70001-5602
Direct Dial Phone: (504) 836-0408
Telefax: (504) 287-0448
Special Assistant Attorneys General

Attorneys for Defendants,
Troy Pichon, Jeffrey Roach, Derrell Williams, and Darrin Naquin

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 20th day of June, 2019, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all counsel of record.

                                            */s Gregory C. Fahrenholt*
                                            **GREGORY C. FAHRENHOLT**