UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZACHARY TERRELL, | * | NUMBER: 2:18-cv-05787 |
| Plaintiff, | * | |
| | * | |
| v. | * | SECTION: E |
| | * | |
| TROOPER TROY PICHON, TROOPER | * | JUDGE: WENDY B. VITTER |
| JEFFREY ROACH, LIEUTENANT | * | |
| DERRELL WILLIAMS, and CAPTAIN | * | MAGISTRATE: MICHAEL B. NORTH |
| DARRIN NAQUIN, each in their | * | |
| individual capacities. | * | DIVISION: 5 |
| Defendants. | * | |

## STATEMENT OF CONTESTED FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Zachary Terrell, who, in support of his Opposition to Defendants' Motion for Summary Judgment, respectfully submits the following list of contested material facts, pursuant to Local Rule 56.2.

1. Mr. Terrell does not deny that he was biking down the street and engaged in the physical action that formed the basis for his plea to resisting an officer.[1]

2. Contrary to Defendants' statement of undisputed material fact number 5, the objective circumstance, i.e., that Mr. Terrell was biking away, that both form the basis of the resisting conviction and the use of force is not in dispute.[2]

---

[1] Exhibit 1, Terrell Deposition at 31:1-13; 32:16-19; 59:1-21;

[2] Mr. Terrell pled guilty to possession of heroin and tramadol, which were found on his person after the stop. Exhibit XX, LSP Case Report; Exhibit XX, Terrell Deposition, 59:1-8. The Fifth Circuit has long recognized that any excessive force claim is entirely distinct and subject to a completely separate analysis from the underlying arrest. Freeman v. Gore, 483 F.3d 404, 417 (5th Cir.2007)(holding that an excessive force claim is separate and distinct from any unlawful arrest claim, and thus must be analyzed without regard to whether the arrest itself was justified.); see also Bashir v. Rockdale County, Ga., 445 F.3d 1323, 1332 (11th Cir.2006) (noting "When properly stated, an excessive force claim presents a discrete

3. Mr. Terrell denies that he ever reached for his waistband or threatened Trooper Pichon in anyway.[3]

4. Darrin Naquin was responsible for reviewing use of force reports for Troop N assigned troopers, including Trooper Pichon.[4]

5. Darrin Naquin was responsible for conducting Early Intervention System Reviews of Troopers at Troop N, including Trooper Pichon.[5]

6. Darrell Williams was responsible for reviewing use of force reports for Troop N assigned troopers, including Trooper Pichon.[6]

Respectfully submitted,

/s/ Elizabeth Cumming
James Craig, LSBN # 33687
Emily Washington, LSBN # 34143
Elizabeth Cumming, LSBN #31685
Roderick & Solange MacArthur Justice Center
4400 S. Carrolton Ave.
New Orleans, LA 70119
Tel. 504-620-2259
jim.craig@macarthurjustice.org
emily.washington@macarthurjustice.org
elizabeth.cumming@macarthurjustice.org

*Attorneys for Plaintiff*

---

constitutional violation relating to the manner in which an arrest was carried out, and is independent of whether law enforcement had the power to arrest."); Osborne v. Harris Cty., Tex., 97 F. Supp. 3d 911, 935 (S.D. Tex. 2015) (holding same). As noted above, Plaintiff does not bring any claim regarding the stop, detention, or arrest. Thus, all discussion of the events leading up to the tasing are relevant only to the question of the objective reasonableness of the force Trooper Pichon employed.

[3] Exhibit 8, Terrell Declaration.
[4] Exhibit 24, 2016 UOF Reports; Exhibit 25, 2017 UOF Reports; Exhibit 16, Naquin Deposition.
[5] Exhibit 31, EIS Reports; Exhibit 32, Pichon 2016 EIS Report; Exhibit 16, Naquin Deposition.
[6] Exhibit 24, 2016 UOF Reports; Exhibit 25, 2017 UOF Reports; Exhibit 16, Naquin Deposition.