UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZACHARY TERRELL | * | NUMBER 2:18-CV-5787 |
|     Plaintiff | * | |
| | * | SECTION D(5) |
| VERSUS | * | |
| | * | JUDGE WENDY B. VITTER |
| TROOPER TROY PICHON, TROOPER | * | |
| JEFFREY ROACH, LIEUTENANT | * | MAGISTRATE JUDGE MICHAEL NORTH |
| DERRELL WILLIAMS, AND CAPTAIN | * | |
| DARRIN NAQUIN, | * | |
| each in their individual capacities | * | |
|     Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF DEFENDANTS' SECOND MOTION IN LIMINE

**MAY IT PLEASE THE COURT:**

Defendants, Troy Pichon, Derrell Williams, and Darrin Naquin, each named in their individual capacities, respectfully submit this memorandum in support of their second motion in limine. Defendants seek pre-trial guidance from the Court on the exclusion or admission of certain information at trial.

1. **Plaintiff's active resistance of arrest**

As the Court is aware, Plaintiff pled guilty to resisting an officer in violation of La. R.S. 14:108 following his arrest by Trooper Pichon. And as set forth by the U.S. Supreme Court in *Graham v. Connor*, 490 U.S. 386, 396 (1989) – which is incorporated into Fifth Circuit Pattern Jury Instruction 10.1 – the determination of whether Trooper Pichon used excessive force requires the jury to "pay careful attention to the facts and circumstances, including the severity

of the crime at issue, whether [Terrell] posed an immediate threat to the safety of the officers or others, and **whether [he] was actively resisting or attempting to evade arrest**."[1]

In the event that the Court denies Defendants' motion based on *Heck v. Humphrey* and further denies Trooper Pichon's claim to qualified immunity with respect to his deployment of his Taser, Defendants submit that Terrell must be precluded from offering any testimony or argument which disputes that he was actively resisting or attempting to evade arrest at the time that Trooper Pichon initially stopped him and deployed his Taser. Any denial would trigger *Heck v. Humphrey* for at least that portion of his claim and mandate a directed verdict on that claim in favor of the Defendants.

2. **Plaintiff's prior felony convictions**

Plaintiff Zachary Terrell acknowledged in discovery that he has multiple prior felony convictions. In December 2011, Terrell pled guilty to one count of second degree battery under La. R.S. 14:34.1. In February 2014, Terrell pled guilty to one count of possession of firearm by a person convicted of certain felonies under La. R.S. 14:95.1. In May 2016, Terrell pled guilty to one count of possession with intent to distribute ecstasy (MDMA) under La. R.S. 40:966(A)(2). Defendants intend at trial to ask Terrell questions on cross examination only to establish the name of the crimes for which Terrell pled guilty, the date and time of each felony conviction, and the punishment received. *See, e.g., Veals v. Edison Chouest Offshore, LLC*, No. 06-3776, 2007 WL 3237171, at *2 (E.D.La. Oct. 31, 2007). Defendants do not intend to ask any more specific questions about Terrell's prior felony convictions. Defendants have separately identified certified docket sheets from the Criminal District Court for the Parish of Orleans as

---

[1] Fifth Circuit Pattern Jury Instruction 10.1. [Emphasis added.]

{00715509 - v1}   2

exhibits but would only use them for impeachment purposes if Terrell denies any of his prior convictions on the witness stand at trial.

Federal Rule of Evidence 609(a)(1)(A) governs "attacking a witness's character for truthfulness by evidence of a criminal conviction" and provides that evidence of a crime punishable by imprisonment for more than one year (i.e., a felony) "**must** be admitted, subject to Rule 403, in a civil case[.]"  [Emphasis added.]  F.R.E. 609(b) provides limitations if the conviction at issue occurred more than 10 years ago, but the oldest of Terrell's three convictions was only eight years ago.  The language of the rule obviously presumes admissibility through use of the "must" language unless the Rule 403 balancing test excludes it.  While Rule 609(a)(1)(A) makes admission subject to F.R.E. 403, the Fifth Circuit has repeatedly held that "[w]hen the resolution of a case turns largely on the credibility of a witness … the probative value of a recent criminal conviction is 'not sufficiently outweighed by the potential for prejudice to justify exclusion.'"  *See Helpert v. Walsh*, 759 Fed.App'x 199, 204-05 (5th Cir. 2018) (citing *Mayes v. Kollman*, 560 Fed. App'x 389, 394 (5th Cir. 2014) and *Eugene v. Mormac Marine Transp., Inc.*, 48 F.3d 529 (5th Cir. 1995)).  Fifth Circuit Pattern Jury Instruction 2.15 specifically anticipates that a jury may use prior convictions in evaluating the credibility of a witness and provides for the following instruction:

> In weighing the credibility of a witness, you may consider the fact that he has previously been convicted of a felony.  Such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

In the instant case, the resolution of Terrell's claims turns entirely on his credibility. Terrell has listed no eyewitnesses to the encounter between himself and Troy Pichon as witnesses outside of himself, Pichon, and Trooper Jeffrey Roach.  Terrell is the only witness who

will testify that he was merely socializing with a "friend" on St. Peter Street at the initiation of the encounter (because he will not call the friend). Terrell is the only witness who will testify that he was not engaging in a hand to hand drug transaction when first observed by Pichon. Terrell is the only witness who will testify that he was kicked or punched or dragged by Pichon. Under F.R.E. 609 and the Fifth Circuit's guidance, allowing the jury to consider Terrell's prior felony convictions to evaluate his credibility is permissible.

### 3. Unqualified medical opinions

Terrell sustained certain physical injuries as a result of his encounter with Trooper Pichon. Terrell obtained medical treatment from University Medical Center on the night of his arrest and medical treatment in several jail and prison facilities following his arrest and conviction. He has seen no medical doctors since his release from prison in January 2019.

In his complaint and in opposition to Defendants' motion for summary judgment, Terrell alleges that "[t]he spread and location of [his] wounds indicate that Terrell did not sustain them only from falling from the bicycle; rather, some were a direct result of Pichon's kicks and hits to Terrell's head and face while incapacitated." Defendants ask for an order precluding any other witnesses identified by Terrell, specifically his experts – unless Terrell in fact calls any of the medical providers currently listed as "may call" witnesses – from providing any unqualified opinion as to the specific causation of his injuries.

Further, in the course of this lawsuit, Terrell retained Edward Shwery, Ph.D., a clinical psychologist, as an expert. Dr. Shwery is not a medical doctor. As a clinical psychologist, he is qualified to testify regarding alleged psychological injury, but not physical injury. Nonetheless, in preparing his opinion, he reviewed medical records from Terrell's emergency room and

prison medical treatment and "photographs of injuries."[2] Dr. Shwery "noted a 1-½ inch scar over his right eyebrow" and states that Terrell "was advised by a physician that he has nerve damage from that injury."[3] Dr. Shwery also reported that Terrell "has recurrent pain in his thoracic spine … that he attributes to being pinned to the ground with someone's knee on his thoracic spine."[4] He later discusses his evaluation of Terrell's "chronic pain" in his thoracic spine and right eyebrow.[5]

While Terrell can certainly testify as to how he believes his specific injuries were caused and can testify regarding his subjective complaints of pain, Defendants submit that Dr. Shwery should be precluded from discussing any opinion related to the causation of any alleged physical injuries or chronic pain. After receiving Dr. Shwery's report, Defendants served Terrell with discovery requests related to the new claim of "nerve damage." Terrell responded only that he was told by "a medical provider at the Orleans Justice Center" that he had nerve damage over his right eye and referred to medical records.[6] None of the cited medical records cited by Terrell refers to "nerve damage."

Defendants further request that Terrell himself should be precluded from offering hearsay testimony that an unidentified "physician" told him he has "nerve damage" given that the claim is not corroborated by medical records or any other evidence in the lawsuit.

## CONCLUSION

For the foregoing reasons, Defendants request that their motion in limine be granted and that (1) Plaintiff be precluded from offering testimony or argument that he was not actively

---

[2] R.Doc. 50-12, p. 3.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] See Exhibit "A," Response to Interrogatory No. 22.

resisting his arrest at the time that Trooper Pichon initially stopped him via the deployment of his Taser, (2) Defendants be allowed to question Plaintiff about limited details of his three prior felony convictions since December 2011, and (3) Plaintiff be precluded from offering unqualified medical opinions through witnesses who are not medical doctors.

    Respectfully Submitted,

    **JEFF LANDRY**
    **Attorney General**
    **State of Louisiana**

    By: _/s Gregory C. Fahrenholt_
    **ANDRÉ C. GAUDIN (20191)**
    **GREGORY C. FAHRENHOLT (28572)**
    **BURGLASS AND TANKERSLEY, L.L.C.**
    5213 Airline Drive
    Metairie, Louisiana 70001-5602
    Direct Dial Phone: (504) 836-0408
    Telefax: (504) 287-0448
    Special Assistant Attorneys General

    Attorneys for Defendants,
    Troy Pichon, Darrin Naquin, and Derrell Williams