UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ZACHARY TERRELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5787** |
| **TROY PICHON, IN HIS INDIVIDUAL CAPACITY, ET AL.** | **SECTION D(5)** |

### ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment (R. Doc. 29), Plaintiff's Response in Opposition (R. Doc. 50), and Defendants' Reply (R. Doc. 53). After careful consideration of the parties' memoranda and the applicable law, the Court GRANTS Defendant's Motion (R. Doc. 29) and DISMISSES WITH PREJUDICE all of Plaintiff's claims.

### Background

This is an excessive force case. On the evening of June 17, 2017, Zachary Terrell allegedly interacted with a friend, standing outside on St. Peter Street between Burgundy and Dauphine in French Quarter.[1] Terrell states that he and his friend were making plans for the evening, which included Terrell briefly borrowing a

---

[1] R. Doc. 7, p. 4, ¶ 14.

bicycle from his friend to stop by his brother's house in the nearby Sixth Ward before getting drinks together at the house when he returned.[2] Terrell states that he placed earphones in his ears and started to bicycle up St. Peter toward Burgundy.[3] That night, Louisiana State Police Troopers Pichon and Roach were on duty.[4] After observing the interaction between Plaintiff Terrell and his friend, Trooper Pichon believed he was witnessing a hand-to-hand narcotics transaction.[5] The State Troopers circled the block in their vehicle and approached the two individuals.[6]

Terrell submits that Trooper Pichon stated in an arrest report that as the State Troopers approached in the vehicle the second time, Terrell began to ride the bicycle up the street and that Trooper Pichon gave an order to stop.[7] Terrell states that "on his bicycle with his earphones on in the French Quarter on a Saturday night, [he] did not hear any order to stop."[8] Trooper Pichon chased after Terrell and tased Terrell in his lower back.[9] Terrell subsequently fell off the bicycle.[10] Terrell states that

> After he was taken off the bicycle, TERRELL was incapacitated and lying on the ground. Despite this lack of resistance, PICHON kicked TERRELL in the head and stomped TERRELL in the face. PICHON kneed TERRELL in the back while the latter was on the ground. After TERRELL was handcuffed, PICHON dragged TERRELL across the asphalt to the sidewalk of Burgundy Street.

---

[2] *Id.*
[3] *Id.* at ¶ 15.
[4] R. Doc. 7, p. 5, ¶ 16.
[5] *Id.* at ¶ 19.
[6] *Id.* at ¶ 20.
[7] R. Doc. 7, pp. 5-6, ¶¶ 22-23.
[8] R. Doc. 7, p. 6, ¶ 24.
[9] *Id.* at ¶¶ 28-29.
[10] *Id.* at ¶ 30.

R. Doc. 7, p. 7, ¶ 35. Terrell contends that he received extensive injuries as a result of the arrest encounter, such that he required transport from the scene to the University Medical Center via ambulance.[11] Trooper Pichon alleges that Terrell saw Trooper Pichon running after him, attempted to ride his bicycle faster, and ignored Trooper Pichon's commands to stop the bicycle.[12] The case report submitted by Trooper Pichon shows that a search incident to arrest revealed that Terrell was in possession of seventeen (17) individually wrapped bags of heroin, twenty-one (21) Tramadol pills, and $113 in currency.[13] Terrell was arraigned in the Orleans Parish Criminal District Court on July 21, 2019[14] and subsequently pled guilty to one count of possession of heroin in violation of LA. REV. STAT. §40:966(C)(1); one count of possession with intent to distribute Tramadol in violation of LA. REV. STAT. § 40:969(B); and one count of resisting an officer in violation of LA. REV. STAT. § 14:108.[15]

After the event, Terrell alleges that he experienced anxiety, sleeplessness, nightmares, intrusive negative thoughts, and an increased distrust of law enforcement and custody staff.[16] Terrell filed suit against Troopers Pichon and Roach, the two arresting State Troopers, as well as Lieutenant Derrell Williams and Captain Darrin Naquin, State Trooper supervisors. In his Amended Complaint, Terrell alleges claims for constitutional violations, including excessive force; supervisory liability of

---

[11] R. Doc. 7, pp. 7-8, ¶¶ 39-40.
[12] R. Doc. 29-1, p. 4, citing R. Doc. 29-2, pp. 39, 43.
[13] *See* R. Doc. 29-4.
[14] R. Doc. 29-6, p. 4.
[15] R. Doc. 29-6, pp. 4, 6.
[16] R. Doc. 7, p. 8, ¶ 42.

Lieutenant Derrell Williams and Captain Darrin Naquin over subordinates, namely Troopers Pichon and Roach; claims against Trooper Roach for failing to intervene; and state law claims against all defendants.[17] Terrell later dismissed with prejudice all claims against Trooper Roach.[18]

## Legal Standard

Summary judgment is proper if a party shows that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.[19] If the movant shows the absence of a dispute material fact, non-movant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."[20] The Court views facts and draws reasonable inferences in the non-movant's favor.[21] The Court neither assesses credibility nor weighs evidence at the summary judgment stage.[22]

42 U.S.C. § 1983 provides a remedy for plaintiffs who have suffered abuses at the hand of an official acting under the color of law.[23] It is an alternative method of protection in federal court when an administrator of state law fails to provide the protections granted by the Fourteenth Amendment.[24]

---

[17] *See* R. Doc. 7.
[18] *See* R. Doc. 34.
[19] FED. R. CIV. P. 56(a).
[20] *McCarthy v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017).
[21] *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018).
[22] *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012).
[23] *Singleton v. Champagne*, 2019 WL 917728, at *3 (E.D. La. Feb. 25, 2019) (internal citation omitted).
[24] *Id.*

## Analysis

Defendants contend that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Terrell's § 1983 claims. In *Heck*, an inmate brought a § 1983 action against county prosecutors and a state police investigator, alleging that his conviction violated his constitutional rights.[25] In *Heck*, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[26]

In *Arnold v. Town of Slaughter*, the Fifth Circuit states that *Heck* does not act as a bar to all excessive force claims.[27]

> By proving an excessive force claim, a plaintiff will not invariably invalidate his conviction. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). Other circuits have emphasized the conceptual difference between an excessive force claim and a challenge to a conviction. Both the Ninth and Third Circuits have indicated that an excessive force claim would not necessarily challenge a plaintiff's conviction for assault during a stop. *Nelson v. Jashurek*, 109 F.3d 142, 145-46 (3d Cir. 1997); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

---

[25] 512 U.S. 477 (1994).
[26] *Id.* at 486-87.
[27] 100 Fed. App'x 321, 323 (5th Cir. 2004).

*Id.* The court went on to discuss how certain convictions prevent a plaintiff from bringing an excessive force claim and provided aggravated assault on a police officer as an example.[28] Whether *Heck* bars a § 1983 plaintiff from bringing a claim "depends on the nature of the offense and of the claim."[29]

In *Arnold*, the Fifth Circuit found that the Plaintiff Arnold's excessive force claim violated *Heck*.[30] Sidney Arnold ("Arnold") was convicted of resisting an officer.[31] However, Arnold contended that he did nothing wrong to provoke the officer's actions.[32] Arnold's complaint did not state that he made any threats or initiated any physical confrontation.[33] During his deposition, he testified that he never attempted to strike any of the officers, never threatened any of them and, in fact, never resisted their attempts to arrest him:[34]

> Thus, Arnold's claims are not that the police used excessive force after he stopped resisting arrest or even that the officers used excessive and unreasonable force to stop his resistance. Instead, Arnold claims that he did nothing wrong, but was viciously attacked for no reason. He provides no alternative pleading or theory of recovery.

*Id.* If a finding of liability would necessarily imply the invalidity of a plaintiff's criminal conviction for resisting arrest, his § 1983 claim is barred by *Heck*.

---

[28] *Id.*, citing *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Sapping v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999).
[29] *Arnold*, 100 Fed. App'x at 323.
[30] *Id.* at 325.
[31] *Id.* at 324.
[32] *Id.*
[33] *Id.*
[34] *Id.*

In the case at hand, Terrell pled guilty[35] to resisting an officer in violation of La. Rev. Stat. § 14:108, which provides that

> A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.
>
> B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
>
> (a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
>
> (b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.

*Id.* Further, in his deposition, Terrell states that he did not see a State Police vehicle drive past him, he didn't see a State Police vehicle behind him when he was biking, he didn't hear anyone behind him telling him to stop, and he didn't hear anyone running behind him.[36] He states,

> I don't know what I did to resist. How can I know I'm resisting if I'm not aware that they're behind me, you know what I mean? So I don't know what my action – you know, what I did to constitute as resisting if I'm not aware I'm being chased, you know what I mean?

---

[35] R. Doc. 29-6, pp. 4, 6.
[36] *See* R. Doc. 29-7, pp. 31-32.

R. Doc. 29-7, p. 60. In his Amended Complaint, Terrell states that Trooper Roach observed that Terrell was not resisting Trooper Pichon.[37] He also alleges that he "was offering no resistance to any stop or arrest."[38] Terrell clearly and repeatedly denies resisting arrest, contradicting his criminal conviction of resisting arrest.[39]

Defendants contend that Terrell's allegations and testimony challenge every factual element of the crime of resisting arrest: "Terrell denies ever even seeing a police officer until after Pichon deployed his Taser. Success on the merits of his claims will depend on the jury finding facts which contradict his conviction."[40] Terrell argues that "the simple fact of resisting an officer does not foreclose the excessive force analysis or require the establishment of a fact that is inherently inconsistent with the underlying criminal conviction."[41] He argues that a jury can find excessive force in this case without disturbing any element of the underlying criminal conviction.[42] However, the plaintiff's broad claims of innocence as to the entire encounter contradict that contention. The Court finds that the case at hand is factually similar to *Arnold* in that respect.

In *Diagre v. City of Waveland, Miss.*, the Fifth Circuit reviewed the district court's conclusion that the plaintiff's excessive force claim was barred under *Heck* "because it was not separable from the facts resulting in her conviction for resisting

---

[37] *See* R. Doc. 7, p. 7, ¶ 36.
[38] R. Doc. 7, p. 21, ¶ 84.
[39] *See* R. Doc. 29-7, pp. 31-32; R. Doc. 7, p. 21, ¶ 84; R. Doc. 7, p. 7, ¶ 36.
[40] R. Doc. 29-1, p. 10.
[41] R. Doc. 50, p. 8.
[42] R. Doc. 50, p. 9.

arrest."[43] The court concluded that Plaintiff Dawn Daigre's excessive force claim was barred because she maintained her innocence, thus contradicting her criminal conviction for resisting arrest.[44] The court cited as support its decision in *DeLeon v. City of Corpus Christi*, 488 F.3d 649 (5th Cir. 2007), in which the Fifth Circuit held that the plaintiff's excessive force claims were barred by *Heck* because the complaint described a single violent encounter in which the plaintiff claimed he was an innocent participant and necessarily challenged his aggravated-assault conviction.[45]

Terrell cites *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008), as support for the argument that "no material allegation in Terrell's excessive force claim is 'necessarily inconsistent with the validity of the conviction.'"[46] In *Bush*, the Fifth Circuit found that Plaintiff Holly Bush's excessive force claims were not barred because although her complaint stated that she did not resist arrest, "when the phrase was read in context, it was clear that she was referring to conduct that occurred after she was restrained."[47] The court held that Plaintiff Holly Bush's excessive force claim was conceptually distinct from the facts underlying her criminal conviction and thus not barred by *Heck*.[48] It is true that *Heck* does not bar all claims for excessive force, however, in the case before us, Terrell maintains a position of innocence from resisting arrest both before his arrest as well as after his arrest in his complaint and

---

[43] 549 Fed. App'x 283, 285 (5th Cir. 2013).
[44] *Daigre,* 549 Fed. App'x at 286.
[45] *Id.*
[46] R. Doc. 50, p. 9.
[47] *Daigre,* 549 Fed. App'x at 286 (discussing *Bush v. Strain*, 513 F.3d 492, 499 (5th Cir. 2008)).
[48] *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008).

deposition testimony.[49] Terrell's claims are not that the police used excessive force after he stopped resisting arrest or even that the officers used excessive and unreasonable force to stop his resistance.[50] Instead, Terrell makes broad claims of innocence relating to the entire arrest encounter and not merely a discrete part of it.[51] Therefore, Terrell's excessive force claims are *Heck*-barred.

  A. *Failure to Train and Supervise*

Terrell alleges that Defendants Darrin Naquin and Derrell Williams failed to supervise and train Trooper Pichon.[52] In order for failure to supervise and train claims to survive summary judgment, the "plaintiff is required to create a dispute of fact that (1) the supervisor either failed to supervise or train the subordinate officer; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights[;] and (3) the failure to train or supervise amounts to deliberate indifference."[53] In the case at hand, Terrell is unable to survive summary judgment on his excessive force claim. Therefore, Terrell cannot establish a violation of his constitutional rights. It logically follows that he cannot show a causal link between State Trooper Supervisors' failure to supervise or train and a violation of Terrell's rights, as described in the second prong. Thus, Terrell's supervisory liability claims against necessarily fail without an underlying constitutional violation.[54]

---

[49] *See* R. Doc. 29-7, pp. 31-32; R. Doc. 7, p. 21, ¶ 84; R. Doc. 7, p. 7, ¶ 36.
[50] *Arnold v. Town of Slaughter*, 100 Fed. App'x 321, 324 (5th Cir. 2004). *See* R. Doc. 7.
[51] *See Daigre v. City of Waveland, Miss.*, 549 Fed. App'x 283, 287 (5th Cir. 2013) (citing *Bush v. Strain*, 513 F.3d 499 (5th Cir. 2008); R. Doc. 29-7, pp. 31-32; R. Doc. 7, p. 21, ¶ 84; R. Doc. 7, p. 7, ¶ 36.
[52] R. Doc. 7, pp. 20-21.
[53] *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 397 (5th Cir. 2017).
[54] *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013).

### B. Qualified Immunity

The Court finds it unnecessary to decide the issue of qualified immunity as it finds that Plaintiff's claims are barred by *Heck* and its progeny. The Court notes, however, that "'use of excessive force' is an area of law in which the result depends on the facts of each case, and the police officers are entitled to qualified immunity unless existing precedent "squarely governs" the specific facts of the case."[55]

### C. State Law Claims

Terrell alleges that "Defendant PICHON, assisted by ROACH, assaulted and battered TERRELL without cause or justification."[56] Under Louisiana law, a battery is "harmful or offensive conduct with a person, resulting from an act intended to cause the plaintiff to suffer such a contact."[57] Assault is the imminent threat of a battery.[58] Excessive force transforms ordinarily protected force into an actionable battery.[59] Defendants contend that in the absence of any viable use of excessive force by Trooper Pichon under § 1983, the Louisiana tort claims for assault and battery must also be dismissed. The Court agrees. Terrell also claims that Trooper Pichon acted intentionally, maliciously, recklessly, and/or negligently toward Terrell. For the reasons stated above, the Court dismisses Terrell's state law claims against Trooper Pichon.

---

[55] *Kisela v. Hughes*, 138 S.Ct. 1148, 1153 (2018).
[56] R. Doc. 7, p. 22, ¶ 88.
[57] *Caudle v. Betts*, 512 So. 2d 389, 391 (La. 1987).
[58] *Rice v. ReliaStar Life Ins. Co.*, 770 F.3d 1122, 1135 (5th Cir. 2014) (internal citation omitted).
[59] *Id.*

Regarding *respondeat superior* and negligent retention claims for any torts committed by Trooper Pichon, as asserted by Terrell,[60] these claims are also dismissed as they necessarily rely on underlying state law claims against Trooper Pichon. Further, in order for Darrin Naquin or Derrell Williams to be liable under the doctrine of *respondeat superior*, they must be "masters" or "employers."[61] Negligent retention as a theory of liability is generally alleged against employers.[62] Terrell contends that in assessing pendant state law claims, the Fifth Circuit holds that if officers use unreasonable or excessive force, they and their employer are liable for any injuries that result.[63] Defendants state that the "employer" of Trooper Pichon is the State of Louisiana and the Louisiana State Police.[64] Defendants maintain that neither Darrin Naquin nor Derrell Williams is an "employer" such that liability may be vicariously imputed to either of them.[65] The Court finds merit in that argument.

---

[60] R. Doc. 7, p. 23, ¶¶ 91-92. For law on these claims, *see* LA. CIV. CODE art. 2320; *Cote v. City of Shreveport*, 73 So. 3d 435 (La. App. 2 Cir. 2011); *Kelley v. Dyson*, 10 So. 3d 283 (5th Cir. 2009); *Olmeda v. Cameron Intern. Corp.*, 139 F. Supp. 3d 816 (E.D. La. 2015); *Griffin v. Kmart Corp.*, 776 So. 2d 1226 (5th Cir. 2000).
[61] LA. CIV. CODE art. 2320 ("Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence. In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it. The master is answerable for the offenses and *quasi*-offenses committed by his servants, according to the rules which are explained under the title: *Of quasi-contracts, and of offenses and quasi-offenses*.").
[62] *See e.g. Cote v. City of Shreveport*, 73 So. 3d 435 (La. App. 2 Cir. 2011); *Kelley v. Dyson*, 10 So. 3d 283 (5th Cir. 2009); *Olmeda v. Cameron Intern. Corp.*, 139 F. Supp. 3d 816 (E.D. La. 2015); *Griffin v. Kmart Corp.*, 776 So. 2d 1226 (5th Cir. 2000).
[63] R. Doc. 50, p. 34.
[64] R. Doc. 29-1, p. 22.
[65] *Id.*

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (R. Doc. 29) is GRANTED. A Final Judgment dismissing with prejudice Plaintiff's claims will follow.

New Orleans, Louisiana, this the 11th day of September, 2019.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**