# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30770
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2020

Lyle W. Cayce
Clerk

ZACHARY TERRELL,

      Plaintiff-Appellant,

v.

TROY PICHON, Trooper, in his individual capacity; DERRELL WILLIAMS, Lieutenant, in his individual capacity; DARRIN NAQUIN, Captain, in his individual capacity,

      Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-5787

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

      On June 17, 2017, Officer Troy Pichon saw Zachary Terrell engage in what appeared to be a narcotics transaction in the French Quarter. He and Officer Jeffrey Roach circled the block in their police car. After they returned to where Terrell was standing, Terrell began riding his bicycle away from the scene. Pichon told Terrell to stop, but Terrell began pedaling faster. Terrell

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30770

had only one hand on the bike's handlebars. His other hand was clutching his waistband.

Pichon deployed his Taser, striking Terrell in the back. Terrell fell off the bike and hit the ground. Pichon observed Terrell drop something on the street and told Roach to pick it up. Roach did so and found a blister pack of Tramadol pills. Pichon placed Terrell under arrest. A search revealed that Terrell was carrying seventeen individually wrapped bags of heroin, twenty-one Tramadol pills (including the six that he dropped on the street), and $113 in cash.

During the tasing and subsequent arrest, Terrell received cuts and bruises on his wrists, elbow, knee, and head. He was taken to the University Medical Center, where he received stitches above his right eye. His medical report says that he identified the cause of his injuries as his fall from his bicycle. Terrell pleaded guilty to one count of possession of heroin in violation of La. Rev. Stat. § 40:966(C)(1), one count of possession with intent to distribute Tramadol in violation of La. Rev. Stat. § 40:969(B), and one count of resisting an officer in violation of La. Rev. Stat. § 14:108.

Terrell subsequently sued Pichon and Roach for excessive force under 42 U.S.C. § 1983. He also brought claims against Captain Darrin Naquin and Lieutenant Derrell Williams under § 1983 for failing to supervise and train Pichon and Roach. And he brought state-law claims against all four defendants based on the same alleged conduct. Terrell subsequently dismissed his claims against Roach.

Terrell alleges that Pichon used excessive force by tasing him and hitting, kicking, and dragging him after he fell off his bike. The district court granted Pichon summary judgment on the § 1983 claim because it was barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) ("We hold that, in order to recover damages for . . . harm caused by actions whose unlawfulness would

No. 19-30770

render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). Because Terrell had no viable § 1983 claim against Pichon, the court also granted summary judgment to Naquin and Williams on the § 1983 claims alleging failure to supervise and train. And because no federal claims remained, the court dismissed Terrell's state-law claims.

We agree with the district court's application of *Heck*. Our Court has noted that not every plaintiff's claim of excessive force will "invariably invalidate his conviction." *Arnold v. Town of Slaughter*, 100 F. App'x 321, 323 (5th Cir. 2004). But when the facts pleaded by a plaintiff necessarily imply the invalidity of his conviction, we have held that his claim is *Heck*-barred. *Id.* at 324; *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656–57 (5th Cir. 2007); *Daigre v. City of Waveland*, 549 F. App'x 283, 285 (5th Cir. 2013). In his complaint, Terrell alleges that Pichon used force even though Terrell did not resist arrest. Am. Compl. at ¶ 84. Yet Terrell pleaded guilty to doing just that—resisting an officer under Louisiana law—which is the exact same crime that barred the plaintiff's claims in *Arnold*. Because Terrell has no § 1983 claim against Pichon, Naquin and Williams are entitled to summary judgment on the § 1983 claims against them. And because there are no viable federal claims, the state-law claims were rightfully dismissed.

The district court's judgment is AFFIRMED.